PER CURIAM.
In this appeal from the probate division of the circuit court, appellants Robert M. Brake and Eileen M. Brake have filed a motion seeking to require appellees to pay for a portion of the record on appeal. For the reasons which follow, we conclude that the motion is moot.
After filing their notice of appeal, appellants filed directions with the clerk of the circuit court to limit the record to fifty-three specifically identified items. See Fla. R.App. P. 9.200(a)(2). Appellees then filed directions to the clerk, requesting that the entire record be sent up. See id. Appellants contend that the appellees’ directions add approximately 126 items to the record on appeal and further contend that the additional items are not pertinent to the appellants’ statement of judicial acts to be reviewed. See id. Appellants argue that appellees should either advance the cost of the additional items they have designated, or alternatively, appellees’ designations should be refused by the clerk. But see Philip J. Padovano, Florida Appellate Practice § 16.3, at 266 (1988).
While the appellants’ motion was pending, the circuit court clerk was paid in full, apparently by appellants, and the record on appeal has been transmitted to this court. Consequently, the issue is moot. At such time as this court rules on appellants’ appeal, “the prevailing party has a right to be reimbursed for any charges he or she may have paid for preparing the record or portions of the record.” Id. (footnote omitted); Fla. R.App. P. 9.400(a)(2). If appellants prevail on the appeal, they will be entitled to recover the record preparation costs which they advanced.*
The motion is denied as moot.
COPE and LEVY, JJ., concur.

 The dissent expresses concern that the appellants will unfairly come up short if appellants lose the appeal. The dissent reasons that under no circumstances should appellants *62 have to pay for the additional record items designated by appellees, even if the appellants lose the appeal. We respectfully disagree. If at this time we required appellee's to advance the costs for the additional record items they designated, on winning the appeal the appel-lees would be entitled to recover those costs from appellants. It is unnecessary to consider at this time making an interlocutory adjustment of accounts when the cost order at the conclusion of the case will adequately resolve the issue.
Because the issue is moot, we express no opinion on the merits of the question presented by appellants' motion.